[No. 14372.   Department One. — August 21, 1891.]

JOSEPH BATES, RESPONDENT, v. COUNTY OF SANTA BARBARA, RESPONDENT.   JOHN A. BOOTY ET AL., APPELLANTS.

MECHANIC'S LIEN — PUBLIC BUILDING. — A mechanic's lien cannot be acquired against a public building.

ID. — UNPAID PORTIONS OF CONTRACT PRICE. — A material-man or a mechanic who furnishes materials to or does work for a contractor for the erection of a county building, upon giving written notice to the county of his claim, as provided by section 1184 of the Code of Civil Procedure,

acquires, as against the contractor, a prior right of payment of his claim from the unpaid portion of the contract price. This right, as against the contractor, does not depend upon the legality of the building contract, or upon the right to acquire a lien.

ID. — ACTION TO ENFORCE CLAIM — DEFICIENCY JUDGMENT. — The materialman or mechanic may maintain an action to subject the unpaid portion of the contract price to the payment of his claim, without seeking to enforce a lien against the building, and in such action may obtain a judgment for any deficiency there may be against the person to whom the materials were furnished, or for whom the work was done.

ID. — COSTS OF LIEN — ATTORNEY'S FEE. — In such an action, the materialman or mechanic is not entitled to recover for an attorney's fee, or for expenses incurred by him for filing a notice of lien against the building. Under the statute, such items are only recoverable in actions to enforce liens.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*James G. Garrison, W. C. Stratton,* and *Del Valle & Munday,* for Appellants.

*B. F. Thomas, John J. Boyce, Walter B. Cope,* and *A. E. Putnam,* for Respondents.

PATERSON, J. — On October 2, 1888, the defendants Booty and Holmes entered into an agreement with the defendant the county of Santa Barbara, to erect for the latter, on a public block in the city of Santa Barbara, a brick building, to be used by the county as a hall of records, for the sum of $19,850. The contract was reduced to writing, but was never signed by any officer of the county. Thereafter, defendant the Star Brick and Supply Company, began the construction of the building under a contract with Booty and Holmes, and prosecuted the same until August, 1889, when Booty and Holmes assumed control of the work, which was completed by them and turned over to and accepted by the county on September 11, 1889. Plaintiffs and their assignors performed services and furnished materials under contracts made with the Star Brick and

Supply Company while the latter was engaged in con-
structing the building, and it is for the value of such
services and materials that this action was brought.
During the progress of the work the county paid to
Booty and Holmes, on account of the contract price, the
sum of $11,991, leaving a balance of $7,859 due at the
time the building was completed.    Soon after the com-
pletion of the work, plaintiffs served upon the proper
county officers notices in writing of their respective de-
mands, and thereupon the board of supervisors passed a
resolution reserving the balance of the contract price for
the satisfaction of all claims and liens.    Notices in the
form required by section 1187 of the Code of Civil Pro-
cedure were filed in due time in the office of the county
recorder by the plaintiffs.    On January 4, 1890, plain-
tiffs filed their claims against the county with the clerk
of the board, setting forth the facts required by the pro-
visions of the county and township government act, and
the board refused to pay the same, or any of them, until
the claims were established by the judgment of a court
of competent jurisdiction.    Thereupon this action was
commenced against the county of Santa Barbara for the
sums of $6,551.73, value of the work done and materials
furnished by plaintiffs; $37.40, cost of filing and record-
ing the notices of lien; and $850, attorney's fees.    Upon
the application of the county, the defendants Booty and
Holmes, original contractors, and the Brick and Supply
Company, subcontractors, were brought in and made
parties defendant.

The court found, as conclusions of law, that the several
plaintiffs were entitled to recover judgment against the
county of Santa Barbara, in accordance with the rank of
their respective claims, — specifying the rank of each, —
the amount to which they were entitled, together with
interest thereon, costs, and an attorney fee of thirty
dollars for each claimant, the same to be paid out of the
balance of $7,859 set aside for that purpose by the board

of supervisors; that the claims of Booty and Holmes and the Brick and Supply Company were all subordinate and subject to the claims of the plaintiffs; that in case the fund was insufficient to pay the amounts found due, plaintiffs would be entitled to judgment against the defendant the Brick and Supply Company for the deficiency; and that plaintiffs were entitled to a lien on the hall of records. Judgment followed in accordance with the conclusions of law, except that *no lien was declared therein against the building.* The county was satisfied with the judgment, and paid the claims as directed by it. The defendants Booty and Holmes and the Brick and Supply Company appealed, bringing the case before us on the judgment roll alone.

Appellants' contention that a lien cannot be acquired against a public building is sustained by the authorities (Phillips on Mechanics' Liens, sec. 179; Code Civ. Proc., sec. 690, subd. 13; *Ripley* v. *Gage Co.,* 3 Neb. 397; 2 Dillon on Municipal Corporations, sec. 577; *Foster* v. *Fowler,* 60 Pa. St. 27; *Poillon* v. *Mayor of New York,* 47 N. Y. 666; *Mayhofer* v. *Board of Education,* 89 Cal. 110); but it does not follow that the claims of Booty and Holmes are not subordinate and subject to the claims of the plaintiffs, so far as the unpaid portion of the contract price is concerned. Under section 1184 of the Code of Civil Procedure, the mechanic or material-man may give the owner of the building upon which he has performed labor or for which he has furnished material written notice of his claim, and thereupon it becomes the duty of such owner to retain sufficient funds to answer such claim. Upon receipt of the notice the owner becomes liable as on garnishment or assignment. (*McAlpin* v. *Duncan,* 16 Cal. 128.) "It is a form of equitable subrogation regulated by statute." (*Loonie* v. *Hogan,* 9 N. Y. 439, 440; *Frank* v. *Chosen Freeholders,* 39 N. J. L. 347; 2 Jones on Liens, sec. 1285.) The rights of plaintiffs do not depend upon

the legality of the contract.  Whether it was void or valid, the contractor and subcontractor will be held to be the agent of the owner for the purposes of the law, and neither the one nor the other can assert a want of privity between himself and the laborer or material-man. The right of plaintiffs to recover does not depend upon their right to a lien.  The equitable garnishment provided for by section 1184 of the Code of Civil Procedure is a cumulative remedy in ordinary cases; but in this instance, it is the only remedy provided by the lien law, because the pursuit of the remedy by foreclosure would involve the taking of buildings which, on the grounds of public policy and public necessity, are exempt from execution and forced sale.  And this remedy is one which does not contravene any principle of public policy.  It operates merely as an assignment *pro tanto* of the money due by the owner to the contractor, and in no way affects the public buildings.  The fund is in the treasury, and the statute justly provides that instead of paying it to the contractor for the work which he agreed to do, but which the laborer has actually performed, the owner shall pay it to the latter.  The true spirit and merit of the statute is lost sight of in the contention that this remedy is a mere substitute for the remedy by lien, and that when the latter does not exist, the former cannot exist.  The right to control and direct the funds remaining in the hands of the owner is as distinct and independent as the right to file and enforce a lien.  It is a remedy entirely disconnected from and additional to the remedy by lien upon the building; and as the exceptional element which it is claimed arrests in this case the usual operation of the lien law does not exist, it is a remedy which should be regarded with favor by the court.

The Brick and Supply Company was primarily liable to plaintiffs for their respective claims, and cannot be heard to complain of the deficiency judgment.  The

right to a money judgment against the person who employs the mechanic or purchases the materials is not lost or waived by a proceeding to enforce the lien, or recover from the owner the balance of the contract price remaining in his hands. (*Brennan* v. *Swasey*, 16 Cal. 140; *Germania B. & L. Ass'n* v. *Wagner*, 61 Cal. 349; Code Civ. Proc., secs. 1194, 1197.) Furthermore, it appears that the funds held by the county are more than sufficient to pay all the demands of the plaintiffs.

The complaint contains all the allegations necessary to show a due presentation of plaintiffs' claims against the county and the rejection thereof; but if it did not, so long as the county does not complain, we do not think appellants should be heard on such an objection.

The court erred in allowing each claimant $2.20 for filing his notice of lien and $30 attorney fee. Inasmuch as no lien could be acquired by any of the claimants, no expense incurred in attempting to secure one should have been allowed. The statute does not, in express terms, provide for counsel fees, except in cases of lien (Code Civ. Proc. secs. 1184, 1195); and of course such fees cannot be allowed, unless expressly authorized by law. (Code Civ. Proc., sec. 1021.)

The cause is remanded, with directions to modify the judgment by striking from the amounts allowed to the several claimants the sum of $32.20. As thus modified, the judgment will stand affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.