[L. A. No. 944.   Department One.—March 22, 1902.]

STIMSON MILL COMPANY, Respondent, v. F. W. BRAUN
et al., Appellants.

MECHANICS' LIENS—MODE OF PAYMENT OF CONTRACTOR—UNCONSTITU-
TIONAL PROVISION.—The provision of section 1184 of the Code of
Civil Procedure, requiring that "as to all liens, except that of the
contractor, the whole contract price shall be payable in money,"
is an unconstitutional invasion of the right of the owner in the
possession and enjoyment of his property, and to contract respecting
the use to which it may be subjected and the manner in which it
may be enjoyed.

ID.—CONTRACT PAYABLE PARTLY IN MATERIALS—RECORD—NOTICE TO
LIEN CLAIMANTS—MEASURE OF OWNER'S LIABILITY.—A building
contract payable partly in materials and partly in money is valid;
and if properly recorded, all lien claimants have notice of its terms,
and are bound thereby; and the value of the contract price is the
measure of the owner's liability.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Borden & Carhart, for Appellants.

Percy R. Wilson, Wilson & Bulla, George D. Blake, and Brown & Newby, for Respondent.

HARRISON, J.—The appellants were the owners of certain property in Los Angeles, upon which was a five-story building, known as "Vickery Block," and entered into a contract with the defendants Parton and Tuttle for its improvement. This improvement included taking out all the interior work of the building and furnishing the material and labor necessary to reconstruct it in accordance with certain drawings and specifications. The contract provided that the appellants should pay to the contractors for the work and materials $12,254, in certain installments, the last of which, amounting to $3,064, was to be paid thirty-five days after the completion and acceptance of the work. One provision of the contract was: "All old material to be the property of the contractor," and in the specifications attached thereto was the provision: "The contractors shall have the right to use such old material in building the new building and reconstructing the old as may be in conformity with the specifications and plans, to the approval of the architect." No sum was agreed upon between the owners and the contractors as to the value or price of the said old material, but the court found that the value of that portion which was not used in the reconstruction of the building was $2,200. The above-named plaintiff furnished certain materials to the contractors, which were used by them in the performance of their contract, for which it filed a claim of lien, and it is also the assignee of other material-men and laborers, who had filed notices of their respective claims of lien upon the said property. The present action is for the foreclosure of these liens. The appellants paid to the contractors the several installments of the $12,254 agreed to be paid by them as they became due, except the final one of $3,064, and at the time of filing their answer herein brought into court and deposited with the clerk said last-named sum, to be distributed by the decree of the court to the parties entitled thereto according to their respective rights. Other actions brought by other lien claimants were

consolidated with the action brought by the above-named plaintiff, and were tried at the same time. The court found the value of the labor and materials furnished by the several plaintiffs and their assignors to be $9,804.44, for which, together with attorney's fees, amounting to $553, and the costs of the actions, they were entitled to a lien upon the property. Judgment was thereupon entered directing a sale of the property, and that the plaintiffs be paid the said amounts out of the proceeds thereof. From this judgment the owners have appealed.

The court held that the provision in the contract that all the old material of the building not used in its reconstruction was to be the property of the contractors was in effect a part of the contract price for the improvement, and being in violation of the provision of section 1184 of the Code of Civil Procedure, that the whole contract price shall be in money, the labor done and materials furnished by the plaintiffs were, under another provision in the section, deemed to have been done and furnished at the personal instance and request of the appellants.

This provision of section 1184 is as follows: "As to all liens, except that of the contractor, the whole contract price shall be payable in money. . . . In case such contracts and alterations do not conform substantially to the provisions of this section, the labor done and materials furnished by all persons, except the contractor, shall be deemed to have been done and furnished at the personal instance and request of the person who contracted with the contractor, and they shall have a lien for the value thereof." The section does not declare a contract not made in these terms to be void, but while holding that it is valid between the owner and the contractor, it purports to give to the material-men and laborers the right to enforce payment from the owner of the value of the materials and labor furnished by them, irrespective of the contract price or compensation agreed upon between him and the contractor, notwithstanding he may have fully and strictly complied with the terms of the contract. Under many decisions of this court, if the statute was susceptible of such a construction it would be invalid. See the cases cited in *Kellogg* v. *Howes*, 81 Cal. 175, where it was said that "Where

there is a valid contract between the owner and contractor, such contract is the measure of the owner's liability.''

The provision in the constitution respecting mechanics' liens (art. XX, sec. 15) is subordinate to the Declaration of Rights in the same instrument, which declares (art. I, sec. 1) that all men have the inalienable right of ''acquiring, possessing and protecting property,'' and (in sec. 13) that no person shall be deprived of property ''without due process of law.'' The right of property antedates all constitutions, and the individual's protection in the enjoyment of this right is one of the chief objects of society. He has the right to enjoy his property and improve the same according to his own desires in any way consistent with the rights of others, subject only to the just demands of the state. This right is invaded if he is not at liberty to contract with others respecting the use to which he may subject his property, or the manner in which he may enjoy it. The legislature may prescribe the form in which contracts shall be executed in order that they may be valid or binding, but it cannot limit the right of parties to incorporate into their contracts respecting property, otherwise valid, such terms as may be mutually satisfactory to them. A statute declaring invalid any contract by the owner of real property, for the construction of a building thereon, unless it is provided therein that the contract price shall be payable only in money, is unconstitutional in that it is an infringement upon the right of the owner in the possession and enjoyment of his property. The legislature could with equal right declare that all contracts for the sale of merchandise, or for the manufacture of machinery, or for the employment of artisans, should be invalid unless they should provide that the payment thereunder should be made only in money. The right of the owner of land to contract with a builder for its improvement and to compensate him therefor with other real property, or with personal property other than money, is the same, and as inalienable, as the right of the owner of any other property to contract respecting the payment for any improvement thereof.

The material-man and the laborers are protected in their right to a lien by the provision in section 1183 of the Code of Civil Procedure, requiring such contract to be in writing and made a matter of public record. They know that, in accord-

ance with the decisions of this court, the legislature. cannot give a right of lien to an extent greater than the contract price. By being placed upon record the contract is open to their inspection and examination, and if they are not content with its provisions they may decline to furnish any materials for the building or perform any labor thereon. But if they do furnish any, their right to a lien must be limited by the terms of the contract. If, after the owner has agreed with the contractor to compensate him with property other than money, they may, with knowledge of the terms of such contract, still enforce a lien upon the building for the value of materials and labor furnished by them to the contractor, the owner would be deprived of his property without due process of law, by being compelled to pay more for the improvement than he had contracted for.

The principle involved herein is cognate to that recently discussed by Mr. Justice Temple in *Gibbs* v. *Tally,* 133 Cal. 373, where it is held that the provision in section 1203 of the Code of Civil Procedure, requiring the contract to be accompanied by a bond, places an unreasonable restraint upon the owner of property in regard to its use, and is therefore invalid. The reasoning of the opinion in that case is applicable to the above provision of section 1184, as is also the rule there stated, as follows: ''Where there is a valid contract under which the work was done, and which is performed by the owner, all that the statute attempts to do, *and in fact all that can be done,* is to enable the laborer, material-men, and sub-contractors to cause the contract price to be applied to the payment of their demands.''

The judgment and order denying a new trial are reversed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.