[Civ. No. 1217.   Third Appellate District.—June 23, 1914.]

## E. A. DORRIS, Respondent, v. ALTURAS SCHOOL DISTRICT OF MODOC COUNTY, Appellant.

MECHANICS' LIENS—NOTICE TO OWNER TO WITHHOLD PAYMENTS—ABANDONMENT OF WORK BY CONTRACTOR.—Where one who has furnished materials to the contractor for the construction of a school building serves notice on the school district, after the contractor has abandoned work on the uncompleted building and at a time when he has received all payments to which he is entitled, to withhold sufficient money to pay the claim of the materialman, the school district is not thereby in any way made liable to the materialman, under section 1184 of the Code of Civil Procedure.

ID.—EFFECT OF NOTICE AS GARNISHMENT—EXTENT OF OWNER'S LIABILITY.—Such notice has the effect of a garnishment of any money coming to the contractor which is in the hands of the owner, and the extent of the owner's liability to the materialman is measured by the owner's liability to the contractor.

APPEAL from a judgment of the Superior Court of Modoc County.   Clarence A. Raker, Judge.

The facts are stated in the opinion of the court.

C. S. Baldwin, for Appellant.

Jamison & Wylie, for Respondent.

BURNETT, J.—The action was to recover the value of certain materials furnished by plaintiff to the contractor to be

used in the construction of a school building for the defendant district.   There is no controversy as to the facts, and the decisive question is whether under the findings plaintiff is entitled to judgment.   The contract for the building was executed on June 6, 1911, and it is set out in the answer herein. It provided that the contractor, Pearson, "shall and will for the consideration hereinafter mentioned, on or before the fifteenth day of November, 1911, well and sufficiently construct, erect and finish the stone and brick two story school building . . . conformable with and according to the plans, specifications and drawings signed by the said A. E. Pearson and filed . . . and approved by the board of trustees of said school district . . .; that he (Pearson) will, at his own expense and cost find and provide all such good, proper and sufficient materials of all kinds, whatsoever, as shall be necessary and sufficient for completing and finishing the said school building according to said plans, specifications and drawings and will provide and furnish all necessary labor thereon . . . for the sum of twenty thousand three hundred and fifty dollars, said sum to be paid to the said party of the second part in monthly installments as follows, to wit: Seventy-five per cent of the value of the material and the work upon said building to be paid to the said party of the second part on the first day of each month during the term of this contract, said value to be based upon the superintendent of construction's estimate.   And the remainder of the said twenty thousand three hundred and fifty dollars after the full completion of said school building and upon its acceptance by the said board of trustees of the Alturas school district."   The contract further provided: "Should the said contractor at any time during the progress of said work, refuse or neglect to supply a sufficiency of materials or workmen, the said first party shall have the right to provide materials and workmen to finish the said works, and the expense thereby incurred by said first party shall be deducted from the amount of said contract price."

The findings of the court inviting attention are as follows: "That pursuant to said contract said A. E. Pearson commenced the construction of said school building, and continued to supply work and materials for the same up to about January 1st, 1912, at which time he reached the end of his resources, ceased work upon the building and abandoned his

contract, and defendant thereupon took possession of said uncompleted building and supplied labor and materials necessary for its completion, according to the terms of the Pearson contract''; that said Pearson, while engaged in the work, received certain payments aggregating the sum of $14,895. ''The total value of all labor and materials furnished by said Pearson as estimated by the superintendent of construction, amounts to $19,860.00. After the abandonment of the contract by said Pearson as aforesaid, defendant completed the building in accordance with the Pearson contract, and necessarily expended in so doing, the sum of $5,848.38 for labor and materials. At the time of the abandonment of the contract by said Pearson, on or about Jan. 1st. 1912, there was in the building fund of defendant school district the sum of $5,455.00, the unpaid portion of the contract price of said school building, all of which money defendant expended in completing said building, in the manner provided by the Pearson contract.''

By other findings it appears that, during the months of September, October, November, and December, 1911, while Pearson was in charge of the work, respondent furnished certain quantities of brick to Pearson and to subcontractors under Pearson, all of which were used in the construction of said building. On the third day of January, 1912, and after the abandonment of the contract by Pearson, respondent served notice upon the trustees of the district that there was a balance of $686.40 due him on account of brick furnished to Pearson and his subcontractors for use in said building and required them to pay said sum out of any money due or to become due said Pearson.

It is thus made entirely plain that the service of said notice constitutes the only possible ground for any liability on the part of said district. This notice was given in pursuance of section 1184 of the Code of Civil Procedure [Stats. 1911, p. 1315] and its legal effect is exposed in the following quotation from said section: ''Upon such notice being given, it shall be lawful for the owner to withhold and in the case of property, which, for reasons of public policy or otherwise, is not subject to the liens in this chapter provided for, the owner or person who contracted with the contractor shall withhold from his contractor sufficient money due or that may become due to such contractor, to answer to such claim.''

But it is entirely clear that at the time said notice was served and at all times thereafter there was nothing due from said district to said Pearson.   He was to be paid the balance when he completed the building, but he *never* completed it. After he abandoned the undertaking it was finished by the district at an expense greater than the amount that would have been due Pearson if he had fully carried out his contract.   Under the express terms of the agreement, therefore— to say nothing of legal and equitable implications—there was nothing owing from the district to Pearson.

The said notice had the effect of a garnishment of any money coming to the contractor which was in the hands of the owner, the school district, and the extent of the latter's liability to plaintiff is measured by its liability to the contractor. That is to say, there was and is no liability at all.

Of course, if respondent had served his notice before the district paid Pearson all that he earned under the contract, a different situation would be presented.   The governing principle of the case is covered by the decision in *Bates* v. *Santa Barbara Co.,* 90 Cal. 546, [27 Pac. 438] ; *Denison* v. *Burrell,* 119 Cal. 180, [51 Pac. 1] ; *Bianchi* v. *Hughes,* 124 Cal. 27, [56 Pac. 610] ; *Butler* v. *Ng Chung,* 160 Cal. 438, [Ann. Cas. 1913A, 940, 117 Pac. 512] ; *Suisun L. Co.* v. *Fairfield School Dist.,* 19 Cal. App. 595, [127 Pac. 349], and we can see no good reason for offering any additional suggestions upon the subject.

Apparently the only pretense of justification for holding the defendant liable is found in the language of section 1200 of the Code of Civil Procedure, as it formerly existed, as follows: ''In case the contractor shall fail to perform his contract in full, or shall abandon the same before completion, the portion of the contract price applicable to the liens of other persons than the contractor shall be fixed as follows,'' etc.   We need not enquire, however, whether this could be given effect to control the said contract of the parties, as this section was repealed May 1, 1911 (Stats 1911, p. 1319), and hence was not in force when plaintiff furnished said material.

It is to be deplored if plaintiff must lose his claim but we see no legal ground upon which he can enforce it against appellant.   His contract was not with the latter, and he failed

to comply with the statutory condition necessary to create a liability against the district. He is presumed to have had notice of the contract between Pearson and the district and through his want of diligence he must suffer the consequences of his misplaced confidence in the contractor. It may be also that the building cost appellant less than it was really worth but, there being no claim of fraud, the district had the moral and legal right to stand upon the contract with Pearson, though respondent should go uncompensated for his materials that went into the construction of said building.

The judgment is reversed.

Chipman, P. J., and Hart, J., concurred.