[S. F. No. 6765. Department One.—February 28, 1916.]

## W. O. MILES, Respondent, v. W. H. RYAN, City Clerk of the City of Fresno, Appellant.

MECHANICS' LIENS—CONTRACT WITH CITY FOR PUBLIC BUILDING—GARNISHMENT BY CREDITOR OF CONTRACTOR — NOTICE TO WITHHOLD — PRIORITY.—The claim of one who has garnisheed, under section 710 of the Code of Civil Procedure, money then due to a contractor under a contract for the erection of a public building, is superior to the claims of materialmen and laborers who had furnished materials and performed labor upon the building, and who served notices to withhold the amount due to the contractor and to apply the same to their claims, under section 1184 of the Code of Civil Procedure, after the garnishment had been made.

ID. — NO MATERIALMEN'S OR LABORERS' LIEN ON PUBLIC BUILDING. — Neither the constitution nor the statute gives laborers or materialmen any lien against public buildings.

ID.—EQUITABLE GARNISHMENT BY NOTICE TO WITHHOLD.—The proceeding authorized by section 1184 of the Code of Civil Procedure is substantially an equitable garnishment by the claimant of the fund due to the contractor from the owner, and secures to the person giving the notice a claim on the funds due, which is paramount to that of the contractor, or any person claiming under him by assignment or attachment made after the service of such notice.

ID.—NOTICE TO WITHHOLD—ASSIGNMENT BY CONTRACTOR—ATTACHMENT OF RIGHTS OF CONTRACTOR.—If, before the service of the notice under section 1184 of the Code of Civil Procedure, the claim then due to the contractor has been assigned by the contractor, or other parties have obtained rights to the claim by attachment or otherwise, the rights of the persons giving such notice are subordinate to such other rights by assignment, attachment, or otherwise.

ID.—TIME WHEN NOTICE MAY BE GIVEN.—Section 1184 of the Code of Civil Procedure gives to laborers and materialmen a right to give their notice at any time after they contract to furnish the labor or materials, and by doing so they may anticipate any subsequent attachment or execution.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, for Appellant.

Milton M. Dearing, for Respondent.

SHAW, J.—The defendant appeals from a judgment in favor of the plaintiff.

The object of the action was to obtain a writ of mandate directing the defendant as city clerk to draw his warrant in favor of the plaintiff for the sum of $750.50, being the amount due and remaining unpaid by the city of Fresno to one J. G. Simpson.   The clerk refused to issue the warrant, basing his refusal on the ground that the plaintiff's claim was founded solely on a garnishee process under section 710 of the Code of Civil Procedure, upon a judgment against Simpson in favor of plaintiff, that the money was due to Simpson as the final payment upon a contract by him with said city for the erection of a public building, and that after said garnishee notice was served certain other persons who had furnished material and performed labor for Simpson in the erection of

the said building had served notices upon said clerk to withhold payment from Simpson of said sum of money due him and to apply the same in satisfaction of their claims for said labor and material furnished to Simpson. They claimed this right under section 1184 of the Code of Civil Procedure. These claims amounted to more than the amount due Simpson from the city. On May 2, 1910, the sum of $750.50 had been duly allowed by the city authorities as a claim due Simpson for the performance of his contract to erect the building. The transcript of the plaintiff's judgment was served on the city clerk on May 5, 1913. On May 10, 1913, the aforesaid laborers and materialmen served their notices upon the clerk demanding payment of their claims out of the money due Simpson. The sole question presented is whether or not the claim of a person who garnishees a debt due to his judgment debtor, in the manner provided in section 710, is subordinate to the claims of laborers and materialmen who, under section 1184, afterward give notice to intercept the money due to the contractor from the owner.

We are of the opinion that upon the facts above stated, and under the provisions of the law relating to claims of such materialmen and laborers, the giving of a notice by the judgment creditor, prior to their notice and after the maturity of the claim, gives the judgment creditor precedence over said laborers and materialmen in the payment of money due the contractor.

Neither the constitution nor the statute gives laborers or materialmen any lien against public buildings. This was expressly decided in *Mayrhofer* v. *Board of Education*, 89 Cal. 110, [23 Am. St. Rep. 451, 26 Pac. 646]. The doctrine on which it rests, namely, that the state is not bound by general words in a statute, which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it, and that such general expressions will not be applied to public property, has been repeatedly affirmed since that decision. As there could be no lien in this case, we are not concerned with the priorities that may exist in favor of lien claimants. The respective rights of laborers and materialmen on the one hand and of judgment creditors on the other must, therefore, be determined by the statutory provisions relating thereto. Section 1184, as amended in 1911, provides that any person

within the classes entitled to a lien under the mechanic's lien law, except the contractor, may at any time give to the owner a notice that he has performed labor or furnished materials, or both, to the contractor, or that he has agreed to do so, describing generally the labor or material furnished or to be furnished and the value thereof. It then provides that "upon such notice being given it shall be lawful for the owner to withhold, and in the case of property which, for reasons of public policy or otherwise, is not subject to the liens in this chapter provided for, the owner or person who contracted with the contractor, shall withhold from his contractor sufficient money due or that may become due to such contractor to answer such claim and any lien that may be filed therefor." The provision in the last quotation referring to property not subject to the liens was added by the amendment of 1911. It merely put in statutory form the previous decisions of this court. In other respects the section is substantially the same as it was prior to said amendment. It has been held that the proceeding authorized by this section is substantially an equitable garnishment by the claimant of the fund due to the contractor from the owner (*Bates* v. *Santa Barbara County,* 90 Cal. 543, [27 Pac. 438]), and that it secures to the person giving the notice a claim on the funds due which is paramount to that of the contractor, or any person claiming under him by assignment or attachment made after the service of such notice. (*First Nat. Bank* v. *Perris Irr. Dist.,* 107 Cal. 55, [40 Pac. 45]; *Newport Wharf & L. Co.* v. *Drew,* 125 Cal. 585, [58 Pac. 187]; *Long Beach School Dist.* v. *Lutge,* 129 Cal. 409, [62 Pac. 36].) The two cases last cited establish the additional proposition that if, before the service of such notice by the claimant, the claim being then due to the contractor, the contractor has assigned his claim, or other parties have obtained rights therein by attachment or otherwise, such assignment or rights are paramount to those of the persons giving notice under section 1184.

These principles control the decision in the present case. Before the claimants under section 1184 gave their notice to the city clerk, the plaintiff, as judgment creditor, had served upon the city clerk the transcript of his judgment, and in all respects duly complied with the provisions of section 710 necessary to entitle him to have said fund paid and applied upon his judgment. The judgment creditor was, therefore,

entitled to precedence in payment over the persons subsequently giving notice under section 1184. The money was due and payable to Simpson on May 2d. He had at that time the right to assign the same and his creditors had the right to reach the same by attachment, execution, or creditor's bill. Under these circumstances, the one first in time is first in right. The claimants under section 1184 must yield to the prior claim of the judgment creditor.

Section 1184 gives laborers and materialmen a right to give their notice at any time after they contract to furnish the labor or materials. By doing so they may anticipate any subsequent attachment or execution. But by no process of construction can the statute be held to mean that the fund due to the contractor upon a public building, upon which no lien is given, is set apart for an indefinite period after the completion of the building and maturity of the payment therefor, as a fund for the payment of persons furnishing labor and material, free from all demands of other creditors of the contractor and beyond his power to transfer or assign. Section 1184 fixes no limit upon the time in which the notice therein provided for may be given. Under the decisions cited, and upon sound principles of construction, if they await the maturity of the payment to the contractor before giving the notice, it must be given before any assignment is made, or attachment or other claim has accrued against the contractor on account thereof, or their claims will be postponed to those of attaching creditors whose attachments are prior in point of time.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.

In denying a hearing in Bank, the following opinion was rendered on March 27, 1916:

SHAW, J.—In a petition for rehearing the defendant contends that of the $750.50 which the city of Fresno, on May 2, 1913, ordered paid to Simpson on his building contract, only $363 was due, and that the remainder, $387.50, did not become due until thirty-five days after May 1, 1913, the date

of the completion of the building. From this he argues that under the mechanic's lien law the claimants under the building contract were entitled to preference over the judgment creditor as to the $387.50 not due on May 10, 1913, when they served their notices to withhold payment for their benefit.

The record does not establish the facts as claimed. The complaint alleges that the city allowed the Simpson claim for $750.50 on May 2, 1913, and ordered that a warrant be drawn for its immediate payment. The answer does not aver that this allowance anticipated the final payment on the building contract and included the installment of $387.50 that was not due until June 4, 1913. It cannot be presumed that the city would pay a debt before its maturity, and the only inference remaining is that the $750.50 was made up of the installments which fell due at and before completion. The answer alleges that the $750.50 is the full amount due under the building contract, but as the action was begun on May 16, 1913, which was before the final payment became due, this would be true only if the allowance covered the installments which were then due. The demurrer to the answer included a specification that the answer was uncertain in this respect, and defendant was therefore duly advised that if the facts were as now claimed, the pleading was defective.

Sloss, J., and Lawlor, J., concurred.