[Civ. No. 1652.   Third Appellate District.—March 27, 1917.]

## MARY SWEENEY, Executrix, etc., Petitioner, v. BOARD OF TRUSTEES OF AUBURN SCHOOL DISTRICT, etc., Respondent.

MECHANIC'S LIEN—NOTICE TO WITHHOLD—SCHOOL PROPERTY—RIGHT OF TRUSTEES.—Under section 1184 of the Code of Civil Procedure, as amended in 1911, providing that upon the giving of a notice to withhold, the owner of property not subject to mechanics' liens shall withhold from the contractor sufficient money to cover the claim embraced in the notice, a school district is justified in refusing to issue its warrant for the balance due the contractor on the construction of a school building, where prior to the demand for the issuance of the warrant, the district was served with withhold notices by laborers and materialmen who performed labor and furnished material for the building.

ID.—RESORT TO BOND — REMEDY NOT EXCLUSIVE.—The remedy given laborers and materialmen to resort to the bond given under section 1183 of the Code of Civil Procedure is not exclusive.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Third Appellate District to compel a board of school trustees to issue its warrant for the balance due on a contract for the construction of a school building.

The facts are stated in the opinion of the court.

P. H. Johnson, and W. H. Ashby, for Petitioner.

Meredith, Landis & Chester, and Chas. A. Swisler, for Respondent.

CHIPMAN, P. J.—Mandate.   It appears from the petition that, on March 29, 1915, defendant entered into a written contract with plaintiff's testate, by which he agreed to furnish the materials and erect for defendant a school building for the agreed price of $35,725; that before entering upon the performance of said work the said Hayes filed with defendant a good and sufficient bond in a sum not less than one-half the total amount payable by the terms of said contract, which said bond was duly executed, filed, and approved according

to the requirements of the act approved May 1, 1911 [Stats. 1911, p. 1422], entitled "An act to amend an act entitled 'An act to secure the payment of the claims of materialmen, mechanics, or laborers, employed by contractors upon state, municipal or other public work,' " approved March 27, 1897, "and was given for the purpose of securing the payment of such claims"; that the said Hayes duly performed all the conditions of said contract and completed said building on or about February 12, 1916, and said building was duly accepted by defendant and used thereafter as a public school building; that the whole sum of $35,725 is long past due and there remains unpaid thereon the sum of $10,844.75; that at all times mentioned there was in the hands of and subject to the order of defendant, appropriated for the specific purpose of paying said indebtedness, more than sufficient to pay said balance of $10,844.75; that the final certificate of the completion of said building of the architect of defendant duly issued and is in the hands of defendant; that all payments on said contract were made by warrants drawn by defendant payable to said Hayes; that there is still due, owing, and unpaid to said Hayes on said contract the sum of $10,844.75 for the payment of which petitioner has duly demanded of defendant the warrant for said sum, but defendant has refused and still refuses to issue the same. The death of said Hayes and appointment of plaintiff as executrix of his last will are alleged.

A general demurrer was filed and also an answer. Among other facts it is alleged in the answer that a large number of persons, naming them, "claim to have furnished materials in the construction of said school building or to have rendered and performed work, labor and services thereon." It is further alleged as follows:

"5. That each and all of said persons have heretofore and had prior to any demand being made on the respondent by the said petitioner herein, or the said George S. Hayes, for an order or warrant for the payment of any sum whatever payable under said contract, made demand upon and filed with respondent notices that they had respectively performed labor, or furnished materials, or both, to the said George S. Hayes, or to other persons claiming to have been acting by authority of said George S. Hayes, and stating in general terms the kind of labor and materials and the name of the

person to, or for whom, the same was done or furnished, or both, and of the whole agreed to be done or furnished, or both. That such notices were respectively delivered by each and all of the said persons, firms and corporations hereinbefore named and left with respondent and were in writing. That each and all of said notices demanded of respondent that it withhold from the said George S. Hayes sufficient money due, or that might become due, to said George S. Hayes to answer such claims and each and all of said respective claims. That said notices in all respects complied with section 1184 of the Code of Civil Procedure.

"6. Avers that the claims of said various persons, and the amounts specified in the notice of the said various persons hereinbefore named filed and left with respondent, exceed the sum of $21,000.

"7. Avers that neither the respondent, Auburn School District, nor the Board of Trustees of said Auburn School District, nor any member of said board of trustees has any knowledge, information or belief as to, and is ignorant of the merits of, the respective claims of the hereinbefore named persons, firms and corporations to the balance of said moneys payable under said contract, and does not know to whom said balance should be paid."

It was agreed by counsel at the argument that such alleged notices were duly given as alleged, and that the sole question to be determined is whether they justified the defendant in refusing to issue the warrant demanded by plaintiff.

Section 1184 of the Code of Civil Procedure reads as follows: "Any of the persons mentioned in the preceding section, except the contractor, may at any time give to the owner a notice that they have performed labor or furnished materials, or both, to the contractor or other person acting by the authority of the owner, or that they have agreed to do so, stating in general terms the kind of labor and materials and the name of the person to or for whom the same was done or furnished, or both, and the amount in value, as near as may be, of that already done or furnished, or both, and of the whole agreed to be done or furnished, or both, and any of said persons who shall on the written demand of the owner refuse to give such notice shall thereby deprive himself of the right to claim a lien under this chapter. Such notice may be given by delivering the same to said owner personally,

or by leaving it at his residence or place of business with
some person in charge, or by delivering it to his architect,
or by leaving it at the latter's office with some person in
charge. No such notice shall be invalid by reason of any
defect in form, provided, it is sufficient to inform the owner
of the substantial matters herein provided for. *Upon such
notice being given it shall be lawful for the owner to with-
hold, and in the case of property which, for reasons of public
policy or otherwise, is not subject to the liens in this chapter
provided for, the owner or person who contracted with the
contractor, shall withhold from his contractor sufficient·
money due or that may become due to such contractor to
answer such claim and any lien that may be filed therefor
·including the reasonable cost of any litigation thereunder.*"

The question now here arises out of that part of the sec-
tion quoted in italics. This section has long existed sub-
stantially in its present form with the exception that by
the amendment of 1911 (Stats. 1911, p. 1315) there was
introduced the following in the last paragraph: "and in the
case of property which, for reasons of public policy or other-
wise, is not subject to the liens in this chapter provided for,"
the owner shall withhold, etc. The nature and effect of the
notice referred to in the statute as it stood prior to the
amendment of 1911 was stated in *Diamond Match Co.* v. *Sil-
berstein,* 165 Cal. 282, 288, [131 Pac. 874]. It was there said
that it was intended to serve as an "equitable assignment";
that the notice "is a form of equitable subrogation regulated
by statute," and "entitled the persons serving the notice to
receive so much of the money due the contractor as would
satisfy the claims of the persons giving notice"; that the
"right to a recovery of the money so garnished by the notice
does not depend upon the establishment of a lien," but is "a
cumulative" remedy. The decisions of the supreme court
settling the foregoing principles are cited in the opinion.

The case of *Miles* v. *Ryan,* 172 Cal. 205, 208, [157 Pac. 5],
was a case similar to the one in hand. It was there pointed
out that, under the decisions of which *Mayrhofer* v. *Board
of Education,* 89 Cal. 110, [23 Am. St. Rep. 451, 26 Pac.
646], is an example, neither the constitution nor the statute
gives laborers or materialmen any lien against public build-
ings, and in the opinion of the court it is shown why in the
very nature of such cases no lien should be given, and that

the rights of laborers and materialmen must be determined by section 1184 of the Code of Civil Procedure. Quoting the provision above italicized, the court said: "The provision in the last quotation referring to property not subject to the liens was added by the amendment of 1911. It merely put in statutory form the previous decisions of this court. In other respects the section is substantially the same as it was prior to said amendment. It has been held that the proceeding authorized by this section is substantially an equitable garnishment by the claimant of the fund due the contractor from the owner (*Bates* v. *Santa Barbara,* 90 Cal. 543, [27 Pac. 438]), and that it secures to the person giving the notice a claim on the funds due which is paramount to that of the contractor, or any other person claiming under him by assignment or attachment made after the service of the notice. (*First National Bank* v. *Perris Irr. Dist.,* 107 Cal. 55, [40 Pac. 45]; *Newport etc. Co.* v. *Drew,* 125 Cal. 585, [58 Pac. 187]; *Long Beach School Dist* v. *Lutge,* 129 Cal. 409, [62 Pac. 36].) To the foregoing cases may be added *Clark* v. *Beryle,* 160 Cal. 306, 311, [116 Pac. 739]; *Dorris* v. *Alturas School Dist.,* 25 Cal. App. 30, [142 Pac. 795]; *Suisun Lumber Co.* v. *Fairfield School Dist.,* 19 Cal. App. 587, 595, [127 Pac. 349].

*Miles* v. *Ryan,* 172 Cal. 205, [157 Pac. 5], involved the priority of right between the labor claimant and an attaching judgment creditor who had served his notice of garnishment or attachment upon the owner before the laborer had served his notice upon the owner. The court held that the attachment took priority. But it very clearly appears that had the laborer's notice been served before the attachment, his claim would have been held good against the fund in the hands of the owner belonging to the contractor by reason of the notice and section 1184.

It is further contended that the remedy given laborers and materialmen to resort to the bond given under section 1183 is exclusive. In the Diamond Match Company case, *supra,* it was shown that the money garnished by means of the notice does not depend upon the establishment of a lien but is a cumulative remedy. The lien provided for is found in section 1183 as is also the bond required to be given. The one is no more exclusive than the other, nor is the remedy by notice less cumulative to the one than to the other. (*Gold-*

*tree* v. *City of San Diego,* 8 Cal. App. 505, [97 Pac. 216].)
See a very careful and timely opinion as to the purpose and
scope of the Amendatory Act of 1911 in *Roystone Co.* v.
*Darling,* 171 Cal. 526, [154 Pac. 15].

The writ is denied.

Burnett, J., and Hart, J., concurred.