[Crim. No. 352.   Department One.—March 15, 1898.]

## THE PEOPLE, Respondent, v. ANDREW J. WEIR, Appellant.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—ENGAGEMENT OF
MARRIAGE—INDUCING LOAN OF MONEY.—The crime of obtaining money
under false pretenses is sufficiently proved by evidence that the de-
fendant was engaged to be married to a young woman, to whom he
falsely stated that he had the opportunity of obtaining employment
with a real estate firm, and that it was necessary to deposit with
them one thousand dollars as security, upon which false representa-
tions he requested and induced her to advance money to him, after
the advancing of which she saw him no more.

ID.—SUPERINDUCING CAUSES OF LOAN—QUESTIONS FOR JURY.—The facts that
the prosecuting witness would not have advanced the money to the
defendant, if he had been a mere stranger, and had not been engaged
to be married to him, and, that he stated to her that if she would
advance the money they could be married right away, are not incon-
sistent with the false representations being the direct moving cause
of the loan of the money; and the questions as to what were the
superinducing causes of the loan were for the jury to determine.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.   William T. Wallace, Judge.

The facts are stated in the opinion of the court.

Ferral, Wilson & Terry, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Respondent.

GAROUTTE, J.—The appellant has been convicted of the
crime of obtaining money under false pretenses.   The facts may
be substantially stated in a few words.   Appellant was engaged to
be married to a young woman.   He stated to her that he had the
opportunity of securing employment with the real estate firm of
Bovee, Toy & Co., and that as a condition precedent to such em-
ployment it was necessary for him to deposit with such firm one
thousand dollars in money as security.   He further stated that he
needed two hundred dollars to make up that amount, and asked
her to advance it to him.   She did so.   His declarations as to the
employment were false, and likewise his declarations as to the

need of the one thousand dollars. After obtaining possession of the money the young woman no longer enjoyed his society, for she never saw him any more. The foregoing facts are a brief summary of the evidence upon the part of the prosecution; at least it may be said that the jury, under the evidence introduced, was justified in declaring the existence of such a state of facts. And this state of facts is ample to support the verdict.

It is contended upon the part of the defendant that the woman loaned him the money because of the engagement existing between them, and not by reason of his representations to her as to the employment and necessity for a cash deposit. This point is extremely technical—indeed, so technical as to possess little merit. The fact that the prosecuting witness would not have advanced the money to a stranger upon the representations made, or even to a mere friend, furnish no light upon the issue. While the fact of the existence of the engagement was the remote cause of the loss of the money to the prosecuting witness, the direct moving cause was the false representations. The engagement simply acted as a leaven in placing her mind in that plastic condition in which it would most readily absorb the false representations made by defendant. Defendant also stated to the prosecuting witness that, if she would advance the two hundred dollars, "they then could be married right away." It is now insisted that such statement was the superinducing cause which actuated the girl's mind in parting with the money. Again, we deem this a technicality of small dimensions, and the suggestions already made meet the contention. Under any circumstances these questions were matters of fact for the jury to decide. We have examined the other matters discussed by counsel, and have arrived at the conclusion that there is no merit in the appeal.

Judgment and order affirmed.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.