[Crim. No. 216.   Second Appellate District.—November 15, 1911.]

THE   PEOPLE,   Respondent,   v.   JUDSON   MOXLEY,
Appellant.

CRIMINAL LAW — OBTAINING MONEY UNDER FALSE PRETENSES—NON-
EXISTENCE OF MECHANICS' LIENS—SUFFICIENCY OF INFORMATION.—
An information alleging that the defendant obtained money under
false pretenses by means of false representations as to the non-
existence of mechanics' liens on certain real property, whereas
there existed liens thereon under the constitution at the time of the
representations to the amount of $6,000, and that subsequently and
within the statutory time notices of lien to that amount were filed
and recorded, sufficiently shows the falsity of the representations
and pretenses under which the money was obtained.

ID.—TIME WHEN MECHANIC'S LIEN ATTACHES—CONSTITUTIONAL RIGHT. The lien of a mechanic or materialman is a constitutional right, and attaches to the structure as the material is furnished or the labor performed. The statutory procedure for the enforcement of such right has reference only to the remedy. The lien which is created by the constitution cannot be made subordinate to or dependent on any legislative act. It exists with all of its force at all times between the furnishing of the material and the performing of the labor, and the expiration of the time within which notices of lien may be filed.

ID.—POWER OF LEGISLATURE AS TO LIENS.—The only power the legislature possesses, with reference to such liens, is to obey the mandate of the constitution, by providing means for the enforcement of the liens existing by force of the constitution.

ID.—NECESSITY OF ALLEGATIONS AS TO FILING OF LIENS—SHOWING OF INJURY.—The allegations in the indictment for obtaining money under false pretenses as to the nonexistence of liens, with reference to the filing of the notices of lien, were only necessary as showing that an injury was caused by the false statements, as this injury could only be worked out through a compliance with the statutory provisions requisite to the enforcement of the right of lien.

ID.—RELIANCE UPON FALSE PRETENSES OF DEFENDANT — REPRESENTATIONS OF OTHERS IMMATERIAL.—Where the whole record shows that the prosecuting witness relied upon the false pretenses and representations of the defendant, like representations made by others are immaterial. If the false pretenses alleged are among the means by which defendant obtained the money, he has committed the crime, the same as though no other influence combined therewith.

ID.—REQUESTED INSTRUCTION AS TO RELIANCE UPON ALL FALSE PRETENSES—PROPER REFUSAL.—The court did not err in refusing a requested instruction to the effect that the jury were required to find that the prosecuting witness relied upon all of the pretenses made by the defendant. It is sufficient if he relied upon some of the material misrepresentations made by him.

ID.—PROPER INSTRUCTION—PRESUMPTIONS AS TO ACTS AND INTENT.—The court properly instructed the jury that "a person is presumed to do that which he voluntarily and willfully does in fact do, and that he is presumed to intend the natural, probable and usual consequences of his own act."

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. Curtis D. Wilbur, Judge presiding.

The facts are stated in the opinion of the court.

Lafayette Gill, and C. L. McFarland, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Defendant and appellant was informed against for the crime of obtaining money by false pretenses, and convicted. He appeals from the judgment and from an order denying a new trial.

The principal question presented upon this appeal relates to the sufficiency of the information. There is no question raised as to the sufficiency of this information, other than that involved in a determination of the question as to when the liens of mechanics and materialmen attach. It is the contention of appellant that, notwithstanding materialmen and mechanics had provided material and labor in the construction of houses upon the described premises, which had been unliquidated, still liens do not attach until notice of lien is filed in the recorder's office, and the information in this case clearly showing that such notices of lien were not filed until after the representations were made and the money procured upon a reliance thereon, the statements and representations, therefore, were not shown to be untrue, and that no offense was charged. We are of opinion that appellant's contention cannot be sustained. The lien of a mechanic or materialman is a constitutional right and attaches to the structure as the material is furnished or labor performed. The statutory procedure enacted for the enforcement of such right has reference only to the remedy. It is true that if notices of lien be not recorded within the specified time, the lien is not enforceable. The lien, however, created by the constitution, cannot be made subordinate to or dependent upon any legislative act. It exists with all of its force at all times between the furnishing of the material or the performing of the labor, and the expiration of the time within which such notices of lien may be filed. With reference to these liens, the only power the legislature possesses is to obey the mandate of the constitution by providing means for the enforcement of the liens existing by virtue of the provisions of the constitution. The information, then, in this case, showing that under the constitution liens to the amount of $6,000 existed against this

property at the date of the representations, and that subsequently, and within the statutory time, notices of lien were filed and recorded, sufficiently avers the falsity of the representations. As we have before said, conceding the falsity of the representations, no other question is raised as to the sufficiency of the information, either in the matters relating to their making, or in declaring their falsity. Appellant cites *Hughes* v. *Hoover*, 3 Cal. App. 150, [84 Pac. 681], wherein this court, in speaking of a mechanic's lien, says that the constitutional right of lien becomes perfected and enforceable only when a written claim of lien containing certain facts properly verified is filed. A reading of that case will disclose that the word "perfected" was inadvertently used in the sentence above quoted, for, just preceding that, the opinion states that the right of lien is given by the constitution, and that section 1190, Code of Civil Procedure, which declares that liens cease to exist under certain circumstances, may be ignored, as the same exceeds legislative power; that the only effect to be given such section is to interpret it as a statute of limitations which provides the time within which an action may be brought for the enforcement of a right. It is true that in *Mills* v. *La Verne Land Co.*, 97 Cal. 254, [33 Am. St. Rep. 168, 32 Pac. 169], our supreme court has said that the lien is perfected by filing proper notice, that until such notice is filed it is a mere inchoate right personal to the individual, and that until so perfected it has no tangible existence as property. In *Spinney* v. *Griffith*, 98 Cal. 151, [32 Pac. 974], it is said that until notice of lien is filed, the naked right is without form and void. The later case, however, of *Hampton* v. *Christensen*, 148 Cal. 730, [84 Pac. 203], we regard as setting at rest the question as to when the lien is perfected and when the right accrues and by what authority it exists. The supreme court there says, with reference to statutory enactments: "Every provision of the laws which the legislature may enact must be subordinate to and in consonance with this constitutional provision." And whether we say that the right of lien is personal, or inchoate, or otherwise, it is, nevertheless, a vested, constitutionally guaranteed and existing right, and when, as in this case, the constitutional right is rendered enforceable through the observance of statutory provisions, it is an enforceable right. The allegations

with reference to the filing of the notices of lien were only necessary as showing that an injury was caused by the false statements, as this injury could only be worked out through a compliance with the statutory provisions requisite to the enforcement of the right of lien.

There is nothing in the point made by appellant that Mr. Ryon relied upon the representations of attorneys or trust companies, the whole record disclosing that he relied upon the representations of defendant Moxley. If the false pretenses are among the means by which defendant obtained the money, he has committed the crime, the same as though no other influence combined therewith. (*People* v. *Weir,* 120 Cal. 279, [52 Pac. 656].)

There is no merit in the contention of appellant that the court erred in refusing to give to the jury the instruction marked "Defendant's Instruction No. 6." The language used therein could only be construed as an instruction that the jury were required to find that Ryon relied upon all of the pretenses made by the defendant. This is not necessary. It is sufficient if he relied upon some of the material misrepresentations.

We see no error in the court instructing the jury that "a person is presumed to do that which he voluntarily and willfully does in fact do, and that he must be presumed to intend the natural, probable and usual consequences of his own act." We think this is a correct statement of the law, either in this or any other character of criminal prosecution.

An examination of the record discloses to us no prejudicial error, and the judgment and order appealed from are, therefore, affirmed.

James, J., and Shaw, J., concurred.