[S. F. No. 12247. Department One.—April 18, 1928.]

W. L. COOLEY, Respondent, v. ORVILL V. FREEMAN et al., Copartners, Appellants.

Knight, Boland & Christin and F. Eldred Boland for Appellants.

Arnold C. Lackenbach and J. E. McCurdy for Respondent.

PRESTON, J.—Respondent, as a subcontractor, furnished material and performed labor which was utilized in the construction of a portion of the state highway in San Mateo County. The item here in dispute relates to what is known as an "overhaul charge"—a charge of so much per cubic yard for hauling material for "shoulders" or elevated borders along said highway when finished, such hauling being from a place without the right of way and more than three hundred feet from a certain point in the zone of use. In default of payment respondent sued the contractor and his surety for the disputed item and recovered judgment against both of them, from which they have both appealed.

In this connection it should be noted that no showing for reversal of the judgment as to the contractor is made. The amount of the item, if legal, is likewise not in dispute. The surety, American Indemnity Company, a corporation, urges, however, that the contract between the California highway commission and the contractor is the measure of its liability, and as the claim of respondent would not be allowable under that contract, if made by the contractor, it necessarily cannot be allowed against it when made by the respondent in this action. No time need be spent in ascertaining whether the contractor could or could not prevail as against the California highway commission, for it may be conceded, for the

purposes of this case, that the contractor could not have recovered this item as against it.

The test of the liability of appellant surety hereunder is not what the rights of the contractor and highway commission are under the construction contract, but is: Did respondent furnish material and perform labor which was utilized in the construction work covered by the contract for public work between the highway commission and the contractor, which said work was the subject of the indemnity agreement made by appellant and sued upon herein? There is no contention concerning the affirmative answer made by the court to this inquiry. The fact also is that the work of respondent was accepted.

██ The liability .of the surety is controlled by the provisions of the public work statutes of 1919, chapter 303 (Stats. 1919, p. 487), as it read in 1924, the date of the contract herein. Said statute providing for the indemnity bond thereunder read in part as follows: " . . . and must provide that if the contractor, person, company, or corporation, or his or its subcontractor, fails to pay for any materials, provisions, provender or other supplies, or teams, used in, upon, for or about the performance of the work contracted to be done, or for any work or labor done thereon of any kind, that the surety or sureties will pay the same in an amount not exceeding the sum specified in the bond, and also, in case suit is brought upon such bond, a reasonable attorney's fee, to be fixed by the court. . . . "

The obligation of appellant surety company in this behalf is as follows: "That if the above bounden . . . shall fail to pay for any materials, provisions, provender or other supplies used in, upon for or about the performance of the work of constructing, under the foregoing contract, a portion of the state highway in the county of San Mateo, or shall fail to pay any person, company or corporation renting or hiring teams or implements or machinery for or contributing to said work to be done, or any person who has performed work or labor upon the same, or any person who supplies both work and materials therefor, and as required by the provisions of an act of the legislature, approved May 10, 1919. . . . "

There is, therefore, no escape from the conclusion that this obligation is in nowise affected by the terms of the contract

between the highway commission and the original contractor, nor by a question of whether the contractor has breached his contract with the state. The obligation of the surety is to supply to persons in the class of respondent, a quick, reliable and sufficient means of payment. No lien law is available to persons performing labor or furnishing materials which go into the construction of public works.

A similar situation under another statute, the Vrooman Act (Stats. 1885, p. 147), was before this court in the case of *Los Angeles Stone Co.* v. *National Surety Co.*, 178 Cal. 247 [173 Pac. 79]. The whole subject is there exhaustively treated and the contention of respondent here made sustained and the contention of appellants refuted. The whole opinion is in point and need not be set out.

This holding was followed by *Hub Hardware Co.* v. *Aetna Acc. etc. Co.*, 178 Cal. 264, 269 [173 Pac. 81]. A similar holding was also made in *Associated Oil Co.* v. *Commary-Peterson Co.*, 32 Cal. App. 582 [163 Pac. 702]. Many federal and state authorities to the same effect could be cited.

The case of *Roberts* v. *Security etc. Co.*, 196 Cal. 557 [238 Pac. 673], is not in point, as the building contract there involved as between private parties and the mechanic's lien law was applicable to the situation. The undertaking there involved bore no reference to the statutes of 1919, nor was the obligation itself in form similar to the one before us. We can find no merit whatsoever in this appeal.

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.

Hearing in Bank denied.

All the Justices concurred.