[L.A. No. 29749. In Bank. Dec. 1, 1970.]

PACIFIC EMPLOYERS INSURANCE COMPANY,
Plaintiff and Appellant, v.
STATE OF CALIFORNIA, Defendant and Respondent.

## COUNSEL

Luce, Forward, Hamilton & Scripps, J. Mark Rhoads and Robert G. Steiner for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Walter S. Rountree, Assistant Attorney General, David B. Stanton, Paul J. Richmond, James L. Markman and Charles R. Kocher, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**BURKE, J.**—The controlling issue in this action by plaintiff insurance comany is whether its complaint against the state for money paid out on a labor and material bond furnished on a public works contract states a cause of action when it fails to recite that statutory stop notices or verified claims were filed. The trial court sustained a general demurrer to the complaint with leave to amend. Plaintiff declined to amend, and appeals from the judgment of dismissal which ensued. As will appear, we have concluded that the trial court correctly determined that the complaint did not state a cause of action, and that the judgment should be affirmed.

Plaintiff alleges in its complaint, in pertinent part, that defendant State of California, acting through its Division of Forestry of the Department of Conservation, entered into a written agreement on or about March 25, 1966, with one Stone, an individual, whereby Stone as contractor undertook to erect and complete a fire control station, including the furnishing of all of the necessary labor, materials and equipment required for the project.[1] Coincident with the agreement between defendant and the contractor, plaintiff executed and delivered to defendant a "Performance Bond" and a "Labor and Material Bond to Accompany Contract" (hereinafter "labor and material bond"). The contractor, on or before November 29, 1966, defaulted and abandoned his contract, leaving numerous laborers and materialmen unpaid. Plaintiff, as surety, paid off a total of $12,801.61 to laborers and materialmen who had provided work or furnished materials prior to the contractor's abandonment. Also prior to the abandonment defendant at various times unknown to plaintiff paid the contractor progress payments totaling $11,647.03, "without the knowledge or consent of plaintiff."

Plaintiff's theory of recovery is that the agreement called for a lump sum payment of the entire contract upon completion of the work; that progress payments were unauthorized and constituted an alteration of agreement which to the extent of such payments released plaintiff from its obligation as a surety; that principles of subrogation entitle plaintiff to recover to the same extent on account of the payments made by it to the laborers and materialmen under its labor and material bond.

Defendant contends inter alia that the contract permitted monthly

---

[1]The entire contract, including the bonds and the "bid," specifications, and plans which by terms of the agreement were made an integral part thereof, was before the court. Parts thereof had been attached as exhibits to plaintiff's complaint; the balance was judicially noticed at defendant's request. (Evid. Code, § 453.) Matters subject to judicial notice may be properly considered in passing upon a demurrer. (2 Witkin, Cal. Procedure (1954) pp. 1185-1187.)

progress payments; and that in any event, inasmuch as no stop notices had been served (Code Civ. Proc., § 1190.1, subd. (a)) or verified claims filed with the public agency (Code Civ. Proc., § 1192.1, subd. (a)) by the laborers and materialmen prior to the time the progress payments were made,[2] no rights had arisen in their favor to which plaintiff could have become subrogated. In our view defendant is correct in this latter contention, which is dispositive of the case.

■   Under a public works contract there can be no mechanics' or materialmen's liens against the property; hence, such claimants are limited to the use of stop notices.[3] (*Clark* v. *Beyrle* (1911) 160 Cal. 306, 311 [116 P. 739]; *United States Fid. & Guar. Co.* v. *Oak Grove Union School Dist.* (1962) 205 Cal.App.2d 226, 230 [1] [22 Cal.Rptr. 907].)   ■   They are accorded further protection by the labor and material bond which, as in this case, is required by statute with respect to certain public works contracts under the provisions of Government Code sections 4200-4210, and which inures to the benefit of subcontractors, materialmen and laborers, not to that of the general contractor or the public agency owning the land. (Gov. Code, § 4205; *Powers Regulator Co.* v. *Seaboard Surety Co.* (1962) 204 Cal.App.2d 338, 345-348 [22 Cal.Rptr. 373]; see also *Cooley* v. *Freeman* (1928) 204 Cal. 59 [266 P. 545]; *California Elec. Supply Co.* v. *United Pac. Life Ins. Co.* (1964) 227 Cal.App.2d 138, 144, 149, 151 [38 Cal.Rptr. 479].)

■   If after the giving of stop notices by laborers or materialmen on a public works contract the surety on a labor and material bond satisfies their claims, the surety is held to be subrogated to the stop notice rights of the claimants against the public agency. (*United States Fid. & Guar. Co.* v. *Oak Grove Union School Dist., supra,* 205 Cal.App.2d 226, 230-234.)

■   In the present case, as stated, no stop notices had been given under Code of Civil Procedure section 1190.1, subdivision (a), and no verified claims filed pursuant to section 1192.1, subdivision (a). Unless and until such notices were given or claims filed, defendant owed no duty to the laborers and materialmen to withhold payment to the contractor (see subd. (e) of Code Civ. Proc., § 1192.1); accordingly, at the time the progress payments were made they had no rights against the funds to be paid to the contractor under the terms of the construction agreement, to which plaintiff surety is entitled to be subrogated. (See *Adamson* v. *Paonessa* (1919)

---

[2]In oral argument before this court plaintiff conceded that no such notices had been served or claims filed.

[3]The stop notice procedure is also available to mechanics and materialmen on private improvements. (Code Civ. Proc., § 1190.1.)

180 Cal. 157, 160-161 [1] [179 P. 880]; *Los Angeles etc. Co.* v. *Coast Const. Co.* (1921) 185 Cal. 586, 589 [197 P. 941].)

Cases cited by the surety are not persuasive to the contrary. It is true that *Street* v. *Pacific Indemnity Co.* (9th Cir. 1935) 79 F.2d 68, 70, indicates that laborers and materialmen having a right to file stop notices or verified claims with a public agency have "an inchoate lien upon the fund"—or at least upon those portions of the fund not yet paid to the contractor—prior to expiration of the period for filing such notices or claims. However, *Hampton* v. *Christensen* (1906) 148 Cal. 729, 737 [84 P. 200], and *People* v. *Moxley* (1911) 17 Cal.App. 466 [120 P. 43], relied upon by *Street,* do not support that proposition. Rather, both *Hampton* and *Moxley* involved not public works but private improvements, as to which the Constitution (art. XX, § 15) declares the lien rights of laborers and materialmen. Additionally, in *Hampton* a stop notice had been given to the owner by the claimant.

The judgment is affirmed.

Wright, C. J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

**McCOMB, J.**—I dissent. I would reverse the judgment.