[Civ. No. 31773. First Dist., Div. Four. May 29, 1974.]

JASPER CONSTRUCTION, INC., Plaintiff and Respondent, v. UNIVERSITY CASEWORK SYSTEMS, INC., Defendant and Appellant.

**COUNSEL**

Myers, Hawley, Morley & Moore and Paul I. Myers, Jr., for Defendant and Appellant.

Maloney, Chase, Fisher & Hurst and E. S. Wilson for Plaintiff and Respondent.

Harry S. Fenton, Kingsley T. Hoegstedt, Orrin F. Finch and Benjamin Hagan, Jr., as Amici Curiae.

**OPINION**

**CHRISTIAN, J.**—Appellant University Casework Systems, Inc. entered into a subcontract (worth $751,331.25 after several change orders) on a project to build a science laboratory at San Jose State University. Respondent Jasper Construction, Inc., the prime contractor, undertook to

remit monthly to appellant 90 percent of the sums received from the state for labor and material furnished by appellant; the remaining 10 percent would be retained by respondent until the work had been completed and approved.

Serious delays and cost overruns were encountered, and the parties fell into contention regarding the completion of the work. Appellant filed a stop notice on January 31, 1972, claiming that labor, material and services had been furnished totaling in value the entire subcontract price (see Civ. Code, §§ 3103, 3181-3187) of which $271,230.58 remained unpaid. About the time the stop notice was filed, appellant abandoned the project.

Pursuant to Civil Code section 3186, the state withheld $271,230.58 from money due respondent under the prime contract. Respondent then filed with the Department of Public Works a surety bond in the amount of 125 percent of $271,230.58, and obtained the release of the withheld money pursuant to section 3196 of the Civil Code. Disputing the amount claimed in the stop notice, respondent commenced a "summary proceeding" to decrease the amount of the bond. (See Civ. Code, §§ 3197, 3205.)

The underlying issues involved in the contract dispute between the parties were submitted to arbitration as provided by the contract; our record does not disclose the result. Meanwhile, the court considered affidavits submitted by the parties and made an order reducing the bond to 125 percent of $81,144.68; the subcontractor appealed. ■ We have concluded that the order complained of is not subject to review by an appeal.

In addition to other procedures generally available for the enforcement of contracts, special remedies have been provided by statute to protect the interests of those to whom the prime contractor may incur debts in connection with a public works project. (See generally Civ. Code, §§ 3179-3214.) Such special provision was made because there can be no mechanics' or materialmen's liens upon public property. (*Pacific Employers Ins. Co. v. State of California* (1970) 3 Cal.3d 573, 576 [91 Cal.Rptr. 273, 477 P.2d 129]; Cal. Mechanics' Liens (Cont. Ed. Bar 1972) p. 264.) By presenting to the public agency a stop notice (Civ. Code, §§ 3183-3185) a claimant can cause the agency to withhold funds from the prime contractor (Civ. Code, § 3186); the effect of the stop notice is to assure to the subcontractor or other qualified claimant a preference over the general creditors of the prime contractor in the distribution of the proceeds of the contract (Civ. Code, §§ 3190, 3193).

The public agency exercises no discretion concerning the amount to be withheld in response to a stop notice; even where the general contractor in good faith contests the validity or amount of a subcontractor's claim, the full amount of the claim is withheld pending the filing of a surety bond "in an amount equal to 125 percent of the claim stated in the stop notice . . ." (Civ. Code, § 3196.) Either before or after posting a bond the general contractor may contest the validity or amount of the claim by serving an affidavit on the public entity (Civ. Code, § 3198). The money or bond is then to be released unless the claimant files a counteraffidavit (Civ. Code, §§ 3199, 3200).

Issues joined by the affidavit and counteraffidavit are subject to determination by the superior court in a summary proceeding to be heard on motion of either party within 15 days of the filing of a request for relief; the responding party is entitled to 5 days' notice of hearing (Civ. Code, § 3201). The affidavit and counteraffidavit constitute the pleadings and are to be admitted in evidence (Civ. Code, § 3202). Other evidence may be taken; in any event, no findings are required, and "[a]t the conclusion of the hearing, the court shall make and enter its order determining whether the demand for release shall be allowed or not, which order shall be determinative as to the right of the claimant to have the money or bonds further withheld by the public entity. . . ." (Civ. Code, § 3203.)

The statute makes no provision for appellate review of an order entered in such a summary proceeding. No reported decision has considered the question whether an appeal may be taken from such an order. The question must be resolved because the appellate jurisdiction of this court extends only to matters specified by statute. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 30, p. 4045.) In civil actions or proceedings in which original jurisdiction lies in the superior court, appeals may be taken from a judgment and from certain orders specified in Code of Civil Procedure section 904.1. The trial court's action in resolving a summary proceeding of the character here in question is not a judgment; not only is the court's action expressly designated in Civil Code section 3203 an "order," section 3205 provides that "[n]o determination in the summary proceedings under this article shall be res judicata with respect to any right of action by the claimant against either principal or surety on any labor or material bond or with respect to any right of action against any party personally liable to the claimant." Code of Civil Procedure section 904.1 contains no reference to appellate review in summary proceedings in regard to stop notices or bonds for public work. Thus we do not find any legislative intention to provide for appellate review of such an order. Indeed, Civil Code section 3259 merely refers to part two of the Code

of Civil Procedure for rules governing "new trials and appeals" in regard to the several classes of actions and special proceedings which have been created to give effect to the diverse species of liens provided for in title 14 of the Civil Code.

It is obvious that stop notices for public works are analogous in purpose to garnishments by way of attachment. It might therefore be asserted that an order made in a summary proceeding connected with a stop notice should be appealable under Code of Civil Procedure section 904.1, subdivision (e), as "an order discharging or refusing to discharge an attachment." In *Fredericksen* v. *Harney* (1962) 199 Cal.App.2d 189, 193 [18 Cal.Rptr. 562], the Court of Appeal held that by analogy to garnishment practice an order, entered under terms of a former statute,[1] refusing to vacate a stop notice on a public contract was appealable. By a similar analogy stop notices in private projects have been treated as equivalent for various purposes to an equitable garnishment or attachment (see, e.g., *Systems Inv. Corp.* v. *National Auto. & Cas. Ins. Co.* (1972) 25 Cal.App.3d 1057, 1061 [102 Cal.Rptr. 378]).

Analogies of this kind cannot be adopted if the resulting effect is inconsistent with legislative intent. We recognize that in *Fredericksen* the court was dealing with a statutory scheme which closely resembles the present Civil Code provisions. But the statute displays several clear indications that a speedy resolution of disputes regarding stop notices and bonds on public projects is intended:

(1) Short periods are prescribed for all steps preliminary to the filing of the stop notice (Civ. Code, §§ 3183 [20 days], 3184 [30 days], 3185 [10 days]).

(2) The special proceeding created for resolution of disputes concerning stop notices and bonds are expressly designated "summary proceedings" (§ 3197).

(3) The court is required to afford the parties a hearing within 15 days after motion and only 5 days' notice of hearing is required (§ 3201).

(4) The affidavits are used in place of formal pleadings, and the court is directed to make its order "[a]t the conclusion of the hearing" (§ 3203).

(5) A separate action against the original contractor and the public entity must be commenced within 90 days following the expiration of the period for filing stop notices (§ 3210).

---

[1] Former Code of Civil Procedure section 1190.1, subdivision (c), 1957 Statutes, chapter 1833, pages 3231-3234.

In contrast with these indications are the much more generous allowances of time which are made for the successive steps involved in the processing of a civil appeal. For example, the present purported appeal has taken almost two years to reach the point of disposition. The normal pace of appellate review is widely incongruous with the summary proceeding established by the statute. Indeed, the experience of the present parties suggests that if appeals were to be permitted in these proceedings the purpose of the summary proceeding would be frustrated: the appeal would stay the order reducing the bond. Therefore, as respondent has pointed out, "an appeal under the circumstances [of] this case makes meaningless the protection provided by the Legislature for a general contractor on a public works construction project from an improper or excessive stop notice claim, and review by a writ would be more expeditious . . ."

The Department of Transportation, appearing as amicus curiae at the invitation of the court, points out that an appeal from an order made in a summary proceeding would disrupt the handling of claims in the not infrequent situation where several claims against a single contract balance are consolidated as provided by section 3214. All the claimants would be compelled to await the outcome of the appeal because "the trial court could not adjudicate the rights of *all* claimants to the fund until an appellate court determined the interest, if any, of *one* of the claimants . . ." These considerations lead us to the conclusion that the Legislature cannot have intended to provide for review by appeal.

We are not presently called upon to deal with the question whether an erroneous order entered in a summary proceeding concerning a stop notice or bond on a public project would be subject to correction by means of a writ of review (Code Civ. Proc., § 1068). We note, however, that the unavailability of an appeal would powerfully support the employment of the much more speedy writ procedure on an appropriate showing (2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, p. 1605; Civil Writs (Cont. Ed. Bar 1970) p. 104).

The purported appeal from the order reducing the amount of the bond is dismissed.

Caldecott, P. J., and Rattigan, J., concurred.