AMERICAN FIDELITY FIRE INSUR-
ANCE CO., a corporation,
Plaintiff,

v.

UNITED STATES of America, etc., et al.,
Defendants.

The PEOPLE OF the STATE OF CALI-
FORNIA, etc., Cross-Complainant,

v.

AMERICAN FIDELITY FIRE INSUR-
ANCE CO., a corporation, et al.,
Cross-Defendants.

No. 71 911 WTS.

United States District Court,
N. D. California.

Nov. 19, 1974.

Adams & Ernst, A Professional Corp., R. A. Kuns, San Francisco, Cal., for plaintiff and cross-defendant, American Fidelity Fire Ins.

Harry S. Fenton, Chief Counsel, Benjamin Hagan, Jr., Sacramento, Cal., for Dept. of Public Works (State) and cross-complainant, People of State of California.

James L. Browning, Jr., U. S. Atty., John M. Youngquist, Asst. U. S. Atty., Chief of Tax Div., San Francisco, Cal., for defendants United States of America.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This action is brought by American Fidelity Fire Insurance Company ("Surety") against the United States, State of California ("State"), and other defendants seeking a judicial determination that it is entitled to certain monies due from the State of California to one Turner under a public works contract for the cleaning and painting of a state highway bridge. The State, answering, has interpleaded the unpaid contract balance of $3,427.28.

The case is presently before the Court on plaintiff Surety's, defendant United States', and defendant State's cross-motions for summary judgment. The sole remaining issue is whom as between plaintiff, in its capacity as surety, and defendant United States, pursuant to three federal tax liens, has the superior right to the interplead funds.

FACTS

According to the evidentiary record herein, consisting of an Agreed Statement of Facts (filed July 9, 1973), the facts are as follows:

On June 29, 1970, the Department of Public Works of the State of California entered into a contract with Boyd M. Turner, individually and doing business as Able Painting Contractors, for the cleaning and painting of a state highway bridge for a total contract price of $36,600. Plaintiff surety posted a performance bond and a labor and materialmen's bond with respect to this contract. On October 20, 1970, the date of satisfactory completion of the contract, the sum of $7,099.68 remained due Turner under the contract.

On October 28, 1970, the Andrew Brown Company filed a stop notice with the State in the amount of $2,741.82 for materials allegedly supplied to Turner but no action was ever commenced to perfect that claim. On October 30, 1970, another stop notice was filed by one Hardwick, doing business as Crest Contracting Company, in the amount of $756.00 for equipment allegedly supplied to Turner; Hardwick commenced an action in Sacramento Municipal Court to perfect this claim. Later, upon stipulation of the parties to this pending action, this Court ordered the State to pay claimant Hardwick $945.00 from the withheld funds pursuant to his perfected stop notice claim.

Acting pursuant to Cal.Civil Code § 3179 et seq. (formerly Cal.Code of Civil Procedure § 1190 et seq.) the State withheld and set aside from the balance re-

maining due Turner the amounts of $3,-427.28 and $945.00 (a total of $4,372.28) to meet the claims plus costs of Brown and Hardwick, respectively, should they prevail in suits to perfect their claims.

On November 12, 1970, the United States, having assessed income and withheld income and F.I.C.A. taxes against Turner, filed a Notice of Lien with the Santa Clara Recorder. On November 13, 1970, the United States served a Notice of Levy on the State, notifying it that Turner was indebted to the United States in the amount of $8,772.64 and that all property or rights to property belonging to Turner were levied and seized for satisfaction of these obligations.

On November 23, 1970, counsel for plaintiff surety advised the State by letter that Surety had exercised its right of assignment pursuant to the terms of its General Agreement of Indemnity with Turner and requested that all further payments under the contract be made to Surety.

On January 19, 1971, the United States served a second Notice of Levy on the State, notifying it that Turner was further indebted to the United States in the amount of $256.89 for unpaid income taxes for 1964 and that all property or rights to property belonging to Turner were levied and seized in satisfaction of that obligation.

On January 28, 1971, the State made payment of $2,727.40 to the United States in response to the aforementioned levies, leaving unpaid $6,288.25 (plus interest, penalties, and costs) of the federal tax claims. The State, however, continued to withhold $4,372.28 to meet the stop notice claims of Brown and Hardwick.

On March 9, 1971, the United States served another Notice of Levy notifying the State that Turner was further indebted to the United States in the amount of $6,581.73 and that all property or rights to property belonging to Turner were levied and seized for satisfaction of this obligation.

Surety contends that it, not Turner, was entitled to the unpaid contract balance and that, therefore, Turner had no property or rights to property to which the federal tax liens could attach.

█ The assessment of a tax liability against a delinquent taxpayer creates, as of the date of assessment, a lien in favor of the United States upon all property and rights to property belonging to the taxpayer. 26 U.S.C. §§ 6321 and 6322. The determination of what constitutes property or rights to property is a question of state law. Acquilano v. United States, 363 U.S. 509, 613, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); Logan Planning Mill Co. v. Fidelity and Casualty Co. of New York, 212 F.Supp. 906, 919 (S.D.W.Va.1962).

In support of its position that Turner had no property or property rights to which the federal tax liens could attach, Surety contends that, upon its payment of the laborers' and materialmen's claims against Turner, the defaulting contractor, it was subrogated to their rights to any monies due and owing to Turner (citing Pearlman v. Reliance Insurance Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962) and Home Indemnity Co. v. United States, 313 F. Supp. 212 (W.D.Missouri 1970)); that its subrogation related back to the date of the suretyship agreement and the execution of its bonds (citing County of San Diego v. Croghan, 2 Cal.App.2d 494, 38 P.2d 474 (1934)) and that, by virtue of this subrogation and relation back, it succeeded to Turner's interest in the contract payments as of the date of the execution of its suretyship agreement and that there was nothing left to which the later filed federal tax lien against Turner could attach.

█ It is well established that a surety, upon satisfying the debts of the principal, is subrogated only to such rights as the creditors had against the principal. Cal.Civil Code § 2848; United States Fidelity and Guaranty Co. v. Oak Grove School District, 205 Cal.App.2d 226, 230–234, 22 Cal.Rptr. 907 (1962). It has now been held in California that, if the surety on a public works contract becomes liable to the contractor's laborers and materialmen, the surety is sub-

rogated to the contractor's right to the public entity contract funds *only* if the laborers and materialmen have perfected their stop notice claims. Pacific Employers Insurance Co. v. California, 3 Cal.3d 573 (1970); 91 Cal.Rptr. 273, 477 P.2d 129.

■ In *Pacific Employers* no stop notices were filed. In the pending case two stop notices were filed—only one of which was eventually perfected. The argument could conceivably be made that the filing of even a single stop notice should put the public entity on notice that the contractor is defaulting and that it should withhold the unpaid balance. Under this reasoning, the surety should then be allowed to be subrogated to the rights, not only of the lone stop notice claimant, but to the rights of those other unpaid laborers and materialmen whom the surety must reimburse under its bond. However, Cal.Civil Code § 3187 makes clear that disbursing officers of public entities have no duty to anticipate the filing of future stop notices and that final payment can be made to the contractor even though the stop notice period has not expired. *Pacific Employers, supra;* See also California Mechanic's Liens and Other Remedies, Cal. Continuing Education of the Bar, 1972, § 11.6 at 267.

■ In the pending case, although two stop notices were filed, one of which (that of Hardwick) was eventually perfected and paid, no stop notices were filed with respect to either the $2,727.40 previously paid to the United States or with respect to the remaining interpleaded $3,427.28. The Surety, therefore, acquired no subrogation rights to these funds.

■ Surety further argues that Turner had no interest in monies due under the contract to which the tax liens could attach because the effect of Cal.Civil Code § 3193, which provides that no assignment by the contractor of money due to him or to become due takes priority over a stop notice claimant, is that payments due the contractor become not property of the contractor, but a trust fund for the payment of laborers

and materialmen. We find no support in California law for such a reading of § 3193. That section merely gives a *stop notice claimant* priority over an assignment by the contractor. Similarly, Cal.Civil Code §§ 2858 and 2849, also cited by Surety as supporting its position, merely subrogate the surety to the remedies and securities of creditors. None of these provisions give a surety an unconditional, paramount right to the proceeds of a public works contract; all are consistent with the rule enunciated in *Pacific, supra,* to the effect that unless the surety is subrogated to the rights of a stop notice claimant, it has no rights in the proceeds of a public works contract.

Finally, Surety argues that, even if Turner had an interest to which the tax liens could attach, the assignment to surety pursuant to its General Agreement of Indemnity of all of Turner's rights under the contract, including the right to payment, in the event of the contractor's default or breach of the contract and/or bond takes priority over the federal tax liens.

■ Once it is determined that a taxpayer has a *state* created interest to which the tax lien can attach, the priority of competing liens must be determined according to federal law. *Acquilano, supra.* Federal law (26 U.S.C. § 6323 (a)) provides that only certain stated categories of interests, i. e., security interests, mechanic's liens, and judgment liens, have priority over federal tax liens.

■ The only one of these categories into which Surety's assignment interest could possibly fall is that of a security interest. We are of the opinion that the assignment to surety pursuant to its agreement was an account or contract right within the meaning of Cal.Commercial Code § 9106 and, as such, a security interest subject to the provisions of Division 9 of the Cal.Commercial Code.

However, 26 U.S.C. § 6323(h)(1) requires that in order for an interest to qualify as a *security* interest the particular interest must be such as would

be protected by state law against a subsequent judgment lien.

But Sections 9301 and 9302 of the Cal.Commercial Code provide that, with respect to such security interests in accounts and contract rights, any lien creditor, including a judgment lien creditor, will have priority over the secured interest *unless* a financing statement has been filed.

 Apparently no such financing statement was filed by Surety with the Secretary of State with respect to the assignment in question; therefore, plaintiff Surety was not a holder of a "security interest" protected by state law against a subsequent judgment lien within the meaning of Internal Revenue Code Sections 6323(a) and 6323(h)(1) and its security interest remained subordinate to the tax liens of the United States.

Accordingly, it is ordered that,

(1) Plaintiff's motion for summary judgment should be, and the same is hereby denied.

(2) Defendant United States' motion for summary judgment should be and the same is hereby granted.

(3) Defendant State of California's motion for summary judgment should be and the same is hereby granted.