[No. B231848. Second Dist., Div. Three. Mar. 12, 2012.]

TRI-STATE, INC., Plaintiff and Appellant, v.
LONG BEACH COMMUNITY COLLEGE DISTRICT, Defendant and
Respondent.

COUNSEL

Rippetoe Miles, Gregory L. Rippetoe, Laura A. Miles and Marlys K. Braun for Plaintiff and Appellant.

Public Agency Law Group and Larry Lasnik for Defendant and Respondent.

**OPINION**

**CROSKEY, J.**—Tri-State, Inc. (Tri-State), appeals a judgment dismissing its complaint against Long Beach Community College District (the District). The judgment awards the District $10,974 in attorney fees as costs pursuant to Civil Code section 3186. Tri-State contends Civil Code section 3186 does not authorize an attorney fee award in favor of a public entity against a stop notice claimant. We agree and therefore will reverse the fee award and otherwise affirm the judgment.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Tri-State, doing business as Journey Electrical Technologies, performed work as a subcontractor on a construction project owned by the District. Taisei Construction Corporation (Taisei) was the general contractor. Tri-State delivered a stop notice to the District in August 2009 stating that $1,134,998.06 of the total contract price of $6,504,714.45 remained unpaid and was due and owing.

Tri-State filed a complaint against Taisei, the District and others in March 2010 alleging counts against the District for (1) the reasonable value of labor and materials furnished and (2) enforcement of the stop notice. Tri-State also alleged several other counts against Taisei and payment bond sureties. The District answered the complaint with a general denial.

Taisei obtained a release bond in an amount equal to 125 percent of the claim. The District agreed to accept the release bond in exchange for its dismissal from the action. The parties so stipulated, and the trial court entered an order on the stipulation in November 2010.

The District then moved for an award of $10,974.50 in attorney fees, claiming an entitlement to fees under Civil Code section 3186 as the prevailing party in the action. Tri-State opposed the motion arguing that Civil Code section 3186 did not authorize a fee award. The trial court granted the District's motion, awarding it $10,974.50 in attorney fees pursuant to Civil Code section 3186. The court later entered a judgment of dismissal, including an award of $10,974.50 in attorney fees as costs. Tri-State filed a timely appeal.

## *CONTENTIONS*

Tri-State contends there is no statutory authority for the attorney fee award.

## DISCUSSION

### 1. Standard of Review

Whether a statute authorizes an attorney fee award is a question of statutory construction. "We independently review questions of statutory construction. [Citation.]" (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529 [120 Cal.Rptr.3d 531, 246 P.3d 612].)

### 2. Stop Notice Remedy and Interpleader Action

A person who has furnished labor or materials for a public work of improvement and claims a right to payment may serve a stop notice on the public entity. (Civ. Code, §§ 3103, 3181, 3264.) A timely stop notice requires the public entity to withhold funds due or to become due to the original contractor. (*Id.*, § 3186.) The stop notice claimant must file a complaint to enforce the stop notice and obtain payment from the withheld funds. (*Id.*, § 3210.)

An original contractor who disputes the correctness, validity or enforceability of a stop notice may provide a release bond in an amount equal to 125 percent of the claim.[1] (Civ. Code, § 3196.) The public entity, in its discretion, may accept a release bond and, upon acceptance and filing of the bond, must release any funds withheld pursuant to the stop notice. (*Ibid.*) The surety on the release bond becomes jointly and severally liable to the stop notice claimant together with the surety on any payment bond. (*Ibid.*)

The public entity is merely a disinterested stakeholder in an action to enforce a stop notice, acting as a custodian of the disputed funds (see Cal. Mechanics' Liens and Related Construction Remedies (Cont.Ed.Bar 3d ed. 2011) § 9.43, pp. 635–636), unless the public entity asserts an affirmative claim to some of the funds withheld. The District did not assert a claim to any part of the funds withheld in this case.

An interpleader action provides a means for a party with no interest in disputed funds to deposit those funds with the court and obtain a discharge of liability. A person who may be subject to conflicting claims relating to the same personal property or the performance of an obligation may file a complaint or cross-complaint in interpleader to compel the claimants to litigate their claims among themselves. (Code Civ. Proc., § 386, subd. (a).) The claimants to the disputed property are named as defendants. (*Ibid.*) The

---

[1] The original contractor also may challenge the stop notice on certain grounds in a summary proceeding in the trial court. (Civ. Code, §§ 3197–3205.)

interpleading party may deposit with the court the amount that it admits to be payable. (*Id.*, subd. (c).) A defendant in such an action may allege its ownership of the disputed property, or some other interest. (*Id.*, subd. (d).) The trial court may discharge the interpleading party from liability to the claimants and may award the interpleading party its reasonable attorney fees and costs. (Code Civ. Proc., §§ 386, subd. (a), 386.6, subd. (a).) The District did not commence an interpleader action.

### 3. *Civil Code Section 3186 Does Not Authorize an Attorney Fee Award in Favor of a Public Entity*

#### a. *Rules of Statutory Construction*

Civil Code section 3186 states: "It shall be the duty of the public entity, upon receipt of a stop notice pursuant to this chapter, to withhold from the original contractor, or from any person acting under his or her authority, money or bonds (where bonds are to be issued in payment for the work of improvement) due or to become due to that contractor in an amount sufficient to answer the claim stated in the stop notice and to provide for the public entity's reasonable cost of any litigation thereunder. The public entity may satisfy this duty by refusing to release money held in escrow pursuant to Section 10263 or 22300 of the Public Contract Code."[2]

■ "Our fundamental task in construing a statute is to ascertain the legislative intent so as to effectuate the purpose of the law. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) Because the statutory language ordinarily is the most reliable indicator of legislative intent, we begin by examining the words of the statute. (*Ibid.*) We give the words of the statute their ordinary and usual meaning and construe them in the context of the statute as a whole and the entire scheme of law of which it is a part. (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043 [12 Cal.Rptr.3d 343, 88 P.3d 71].) If the language is clear and a literal construction would not result in absurd consequences that the Legislature did not intend, we presume that the Legislature meant what it said and the plain meaning governs. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].) If the language is ambiguous, we may consider a variety of extrinsic aids, including the purpose of the statute, legislative history, and public policy. (*Ibid.*)" (*Frontier Oil Corp. v. RLI Ins. Co.* (2007) 153 Cal.App.4th 1436, 1448–1449 [63 Cal.Rptr.3d 816].)

---

[2] The Legislature has repealed the mechanics' lien laws and stop notice laws (Civ. Code, §§ 3082–3267) effective July 1, 2012. (Stats. 2010, ch. 697, §§ 16, 105(a).) Restated and reorganized provisions become effective on that date, including new Civil Code section 9358, which is substantially the same as current Civil Code section 3186. (Stats. 2010, ch. 697, §§ 20, 105(a).)

### b. *Civil Code Section 3186 Only Requires Withholding and Does Not Authorize Any Attorney Fee Award*

Civil Code section 3186 does not expressly provide for an attorney fee award to any party. It states that the public entity upon receipt of a stop notice must withhold an amount "sufficient to answer the claim stated in the stop notice and to provide for the public entity's reasonable cost of any litigation thereunder." Civil Code section 3186 does not state that the "reasonable cost of any litigation" includes attorney fees or that the public entity is entitled to retain any part of the withheld funds at the conclusion of the litigation.

Similar statutes governing stop notices for private works of improvement do not provide for withholding litigation costs. Civil Code section 3161 states that the owner upon receipt of a stop notice must withhold "sufficient money due or to become due to such contractor to answer such claim and any claim of lien that may be recorded therefor," unless a payment bond has been recorded. Civil Code section 3162, subdivision (a) states that the construction lender upon receipt of a stop notice may, and upon receipt of a bonded stop notice must, withhold "sufficient money to answer the claim and any claim of lien that may be recorded therefor."[3] Civil Code section 3176, however, expressly states that the prevailing party in an action against an owner or construction lender to enforce payment of a claim stated in a bonded stop notice for a private work of improvement is entitled to recover its attorney fees from the party held liable for payment of the claim.[4] (See Civ. Code, § 3156 [stating that §§ 3156–3176.5 apply only to private works of improvement].) There is no comparable provision expressly authorizing an attorney fee award in an action to enforce payment of a claim stated in a stop notice for a public work of improvement.

---

[3] A mechanics' lien cannot arise against a public work of improvement. (Civ. Code, § 3109; *Pacific Employers Ins. Co. v. State of California* (1970) 3 Cal.3d 573, 576 [91 Cal.Rptr. 273, 477 P.2d 129].)

[4] "In any action against an owner or construction lender to enforce payment of a claim stated in a bonded stop notice, the prevailing party shall be entitled to collect from the party held liable by the court for payment of the claim, reasonable attorney's fees in addition to other costs and in addition to any liability for damages.

"The court, upon notice and motion by a party, shall determine who is the prevailing party for purposes of this section, whether or not the suit proceeds to final judgment. Except as otherwise provided by this section, the prevailing party shall be the party who recovered a greater relief in the action. The court may also determine that there is no prevailing party. Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.

"Where the defendant alleges in his or her answer that he or she tendered to the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a prevailing party." (Civ. Code, § 3176.)

We believe that the Legislature would have expressly provided for an attorney fee award in favor of the prevailing party in an action to enforce payment of a claim stated in a stop notice for a public work of improvement, or in favor of the public entity in such an action, if the Legislature so intended. The absence of such a provision and the absence of any language in Civil Code section 3186 expressly authorizing an attorney fee award indicate that the Legislature had no such intention. Our review of the legislative history of Civil Code section 3186 reveals nothing to suggest that in requiring the public entity to withhold the amount of its reasonable litigation cost upon receipt of a stop notice the Legislature intended to authorize an attorney fee award in favor of the public entity.

### c. *"Reasonable Cost of Any Litigation" Does Not Include Attorney Fees*

Moreover, the legislative history strongly suggests that the statutory language "reasonable cost of any litigation" (Civ. Code, § 3186) refers to ordinary costs exclusive of attorney fees. Code of Civil Procedure former section 1184, a predecessor of the current statute, stated that the owner upon receipt of a stop notice must withhold an amount "sufficient . . . to answer such claim and any lien that may be filed therefor, for record, under this chapter, including costs and counsel fees provided for in this chapter . . . ." (Stats. 1885, ch. 152, § 2, pp. 143, 145.) The former statute was later amended to state that the owner must withhold an amount "sufficient . . . to answer such claim and any lien that may be filed therefor for record under this chapter, including counsel fees not exceeding one hundred dollars in each case, besides reasonable costs provided for in this chapter." (Stats. 1887, ch. 137, § 2, pp. 153, 154; see also Stats. 1901, ch. 102, § 265, p. 189.) Another section in the same chapter, Code of Civil Procedure former section 1195, provided that recoverable costs in an action to enforce a mechanics' lien included "the money paid for filing and recording the lien, and reasonable attorneys' fees . . . such costs and attorneys' fees to be allowed to each lien claimant whose lien is established . . . ." (Stats. 1885, ch. 152, § 5, pp. 145–146.)

The California Supreme Court declared the provision in Code of Civil Procedure former section 1195 for an attorney fee award in favor of a successful mechanics' lien claimant unconstitutional. (*Builders' Supply Depot v. O'Connor* (1907) 150 Cal. 265, 268–269 [88 P. 982].) *Builders' Supply* held that the provision for an attorney fee award in favor of a prevailing mechanics' lien claimant, but not an opposing party prevailing on the claim, violated the 14th Amendment of the United States Constitution and provisions of the California Constitution. (*Builders' Supply, supra,* at pp. 268–269.) The Legislature then amended Code of Civil Procedure former

section 1195 to state that recoverable costs in an action to enforce a mechanics' lien included "the money paid for verifying and recording the lien" (Stats. 1911, ch. 681, § 9, p. 1319), eliminating the prior reference to "attorney fees." The same bill also amended Code of Civil Procedure former section 1184 to state that the owner upon receipt of a stop notice must withhold an amount "sufficient . . . to answer such claim and any lien that may be filed therefor including the reasonable cost of any litigation thereunder" (Stats. 1911, ch. 681, § 2, pp. 1315–1316), eliminating the prior reference to "counsel fees." Those amendments show a legislative intent to eliminate both the statutory authority for an award of attorney fees as costs in favor of a successful mechanics' lien claimant (Code Civ. Proc., former § 1195) and the statutory requirement that an owner upon receipt of a stop notice withhold an amount including attorney fees (Code Civ. Proc., former § 1184.)[5]

The mechanics' lien and stop notice laws were revised and restated in 1951 (Stats. 1951, ch. 1159, § 1, pp. 2941–2958) and 1969 (Stats. 1969, ch. 1362, § 2, pp. 2752–2783, eff. Jan. 1, 1971). Both revisions were expressly intended to make no substantive change in the law (Stats. 1951, ch. 1159, § 5, p. 2958; Stats. 1969, ch. 1362, § 10, p. 2783), and the current statutory language "reasonable cost of any litigation thereunder" (Civ. Code, § 3186) is virtually identical to the language of the version of Code of Civil Procedure former section 1184 enacted in 1911, "reasonable cost of any litigation thereunder." Civil Code section 3150, continuing the rule from Code of Civil Procedure former section 1195, states that recoverable costs in an action to foreclose a mechanics' lien include "the money paid for verifying and recording the lien."

■ We conclude from the foregoing that the current statutory language "reasonable cost of any litigation thereunder"[6] (Civ. Code, § 3186) has the same meaning as the virtually identical language in the version of Code of Civil Procedure former section 1184 enacted in 1911 and that this language refers to ordinary costs of litigation, including amounts paid to verify and record the lien, and does not include attorney fees. Thus, a public entity upon receipt of a stop notice must withhold an amount sufficient to answer the claim and to provide for the public entity's reasonable litigation costs, not including attorney fees.

---

[5] Code of Civil Procedure former section 1184 was amended in 1921 to expressly provide for a stop notice in connection with a public work of improvement. (Stats. 1921, ch. 144, § 1, p. 144; see *Theisen v. County of Los Angeles* (1960) 54 Cal.2d 170, 178 [5 Cal.Rptr. 161, 352 P.2d 529].)

[6] The Legislature amended Civil Code section 3186 in 1998, inserting the words "the public entity's" before "reasonable cost of any litigation thereunder" (Stats. 1998, ch. 111, § 1, p. 713) to clarify that the reasonable litigation cost to withhold is that of the public entity.

■ We note that Code of Civil Procedure section 386.6, subdivision (a) provides a means for a public entity acting as a disinterested stakeholder to avoid needless litigation and recover its attorney fees and costs in an interpleader action. (See *Leatherby Ins. Co. v. City of Tustin* (1977) 76 Cal.App.3d 678, 687 [143 Cal.Rptr. 153].)[7] Here, however, the District did not interplead the funds and therefore is not entitled to recover its attorney fees under Code of Civil Procedure section 386.6, subdivision (a) or any other statute.

## DISPOSITION

The judgment is reversed as to the attorney fee award and is otherwise affirmed. Tri-State is entitled to recover its costs on appeal.

Klein, P. J., and Kitching, J., concurred.

---

[7] *Leatherby Ins. Co. v. City of Tustin, supra,* 76 Cal.App.3d 678, held that the surety on a bond guaranteeing payment to persons furnishing labor and materials had no duty to indemnify the City of Tustin as owner of the project and therefore had no duty to pay the city's defense costs incurred in actions to enforce stop notices. *Leatherby* stated that the defense costs were "a needless expenditure" and that the city should have commenced an interpleader action under Code of Civil Procedure section 386 and could have recovered its attorney fees incurred in such an action. (*Leatherby, supra,* at p. 687.)